JOHN R. JORDAN, JR., Successor Trustee of the Estate of MOSES W. WOODARD, Deceased v. BESS WOODARD CAMPBELL, MOSES W. WOODARD III, NANCY ELIZABETH WOODARD and MARY WHITE WOODARD McDONALD

No. 7310SC489

(Filed 25 July 1973)

Trusts § 6— invasion of corpus — conveyance of corpus to beneficiary — sale of real estate — use of proceeds

Where the income of a trust was insufficient to meet the reasonable needs of the beneficiary and the trustee intended to exercise his discretion to invade the corpus of the trust to meet such needs, the trustee could not terminate the trust by delivering to the beneficiary deeds to the real estate constituting the corpus, as requested by the beneficiary, or by delivering all of the proceeds of sale of the real estate to the beneficiary, but the trustee could sell real estate of the corpus and advance to the beneficiary such sums from the proceeds as the trustee, from time to time, should determine necessary to meet the reasonable requirements of the beneficiary, or the trustee, under rare circumstances, could make a direct conveyance of a portion of the realty to the beneficiary if he determined that the beneficiary's needs would best be served by real estate rather than cash.

APPEAL from *Hobgood, Judge,* 12 March 1973 Civil Session of Superior Court held in WAKE County.

This is an action for a declaratory judgment brought by the trustee under the will of Moses W. Woodard. Bess Woodard Campbell (defendant), one of the beneficiaries under the trust, appealed from the judgment entered.

*Jordan, Morris and Hoke by William R. Hoke for plaintiff appellee.*

*Haywood, Denny & Miller by Egbert L. Haywood and George W. Miller, Jr., for defendant appellant, Bess Woodard Campbell.*

*Joslin, Culbertson & Sedberry by Charles H. Sedberry for defendant appellee Moses W. Woodard III, Nancy Elizabeth Woodard and Mary White Woodard McDonald.*

VAUGHN, Judge.

The will in question has been the subject of two opinions by the Supreme Court: *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639, and *Campbell v. Jordan,* 274 N.C. 233, 162 S.E. 2d 545. The essential facts and pertinent provisions of the will

are set out in those opinions and will not be repeated here. In each of the earlier actions defendant has unsuccessfully sought to have what she contended to be her share of the trust property conveyed to her, free of the trust. In this action the plaintiff trustee alleged that the income from the trust was insufficient to meet the needs of defendant and that he intends to exercise his discretion to invade the corpus of the trust to meet the needs. The trustee asked the court for instructions as to whether he could terminate the trust and deliver defendant a deed conveying to her a one-half undivided interest in the trust corpus, as requested by defendant, as opposed to liquidating the realty in the corpus, or a portion thereof, so as to provide defendant with the necessary funds to meet her needs. The court entered judgment instructing the trustee that: he could not terminate the trust by delivering deeds to defendant; he could, in his discretion, sell the real estate of the corpus; absent a finding by the trustee that defendant has a genuine necessity therefor, the trustee could not terminate the trust by delivering all of the proceeds of the sale to defendant but that the trustee should hold the proceeds and advance defendant such sums as the trustee, from time to time, determines necessary to meet the reasonable requirements of defendant.

We can understand that the trustee instituted this action because of the continued insistence by defendant that she be allowed to hold the property free of the trust. It is clear, however, that the questions raised were answered by the Supreme Court, speaking through Justice Sharp, in *Campbell v. Jordan, supra:*

"The beneficiary's necessity or welfare does not include the personal satisfaction she might derive from owning the property in fee and being able to devise it to persons of her choice.

\*          \*          \*

. . . [I]t is apparent that testator contemplated only advancements and conveyances which were necessary to meet specific and reasonable requirements. The will does not authorize a conveyance for the mere purpose of terminating the trust or making a division of the estate which— 53 years after testator's death—the trustee might think more equitable than the one testator had made."

Except as it might be taken to mean that under no circumstances could the trustee make a direct conveyance of a portion

of the realty, as opposed to a transfer of cash, in order to meet defendant's reasonable requirements, the judgment of the superior court is in accord with *Jordan v. Campbell, supra.* We hold that the manner in which the trustee provides for the current reasonable requirements of defendant is within the sound discretion of the trustee. Defendant, however, is now more than 87 years old. The circumstances under which the trustee could determine that defendant's needs would be best served by real estate than by cash would be rare, especially when consideration is given to Justice Sharp's admonition that the beneficiary's welfare does not include the personal satisfaction that might derive from owning the property in fee.

In making his determination as to what sums defendant reasonably requires, the trustee will, of course, take into consideration the status, comforts and manner in which defendant has been accustomed to live, and may, if reasonably necessary for that purpose, exhaust the corpus of the trust. He will not, however, otherwise terminate the trust or make transfers to defendant for the sole purpose of allowing her to accumulate a larger personal estate. Except as modified in this opinion, the judgment from which defendant appealed is affirmed.

Modified and affirmed.

Judges BROCK and BALEY concur.